## ERROR TO THE WITHDRAWING OF A CASE FROM THE JURY.

[Circuit Court of Mahoning County.]

MAGGIE McCALLEN v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

Decided, October Term, 1904.

*Withdrawal of Evidence from Jury—Petition in Error must be Filed, When.*

Where the court withdraws the evidence from the jury and dismisses the petition of plaintiff for the reason that there is no evidence to support the claim of plaintiff, and upon the same day a motion for a new trial is made, which is overruled at a subsequent term of the court, a petition in error which is filed more than four months from the rendition of the judgment dismissing the petition of plaintiff but within four months from the overruling of the motion for a new trial, is too late, and the proceeding in error should be dismissed.

Cook, J.; Laubie, J., and Burrows, J., concur.

The question for consideration in this case is the motion of the defendant in error to dismiss the proceeding in error, for the reason that the petition in error was not filed in time.

The action below was for damages for negligently causing the death of plaintiff's husband in the state of Pennsylvania, and is brought under favor of the statute of that state.

At the conclusion of plaintiff's evidence, upon motion of defendant, the court withdrew the evidence from the jury, for the reason that there was no evidence to support the claim of plaintiff, and rendered a judgment dismissing the petition of plaintiff at her costs, awarding execution therefor. Upon the same day the judgment was rendered, a motion for a new trial was duly filed; the hearing of the same was continued until the next term of the court, and at the next term of the court the motion for a new trial was overruled, but no further order made or judgment rendered.

The petition in error was filed within four months from the overruling of the motion for a new trial, but more than four months after the rendition and entering of the judgment dismissing the petition of plaintiff and for costs against her.

Section 6723 provides:

"No proceedings to reverse, vacate or modify a judgment or final order shall be commenced, unless within four months after the rendition of the judgment or the making of the final order complained of.  *   *   *"

In the case of *Dowty* v. *Pepple et al*, 58 O. S., 395, which was decided when the period of limitation was six months, it was held:

"The six months within which error proceedings may be commenced under Section 6723, Revised Statutes, begins to run from the date of the judgment sought to be reversed and not from the overruling of the motion for a new trial. Nor is the case different, although the reason for delay in passing upon the motion for a new trial was that the trial judge was a nonresident of the county, and absent therefrom until after the expiration of the six months."

The case of *Dowty* v. *Pepple et al* was tried by the judge without the intervention of a jury; a motion for a new trial was heard and submitted to the court within a few days after the rendition of the judgment, but by reason of the continuous absence of the judge from the court, the motion was not passed upon until after the expiration of six months from the rendition of the judgment.

The opinion is by the court and the case of *Young* v. *Shallenberger*, 53 O. S., 291, in which it was held "that the statute has declared in explicit terms, that no proceeding to reverse a judgment shall be commenced unless within six months after the rendition of the judgment, and the court is powerless to enlarge its terms if it desired to do so," was approved.

In the case under consideration there was no verdict of a jury, but the finding was by the court, that there was no evidence to support plaintiff's petition. Therefore the petition of plaintiff was dismissed at her costs. Had there been a direction of the court to the jury to return a verdict for defendant, then, under Section 5326, where the motion for a new trial was filed within three days, as was done in this case, no judgment could be rendered or entered until the motion was passed upon which would make a different case.

It therefore follows that the petition in error must be dismissed at costs of plaintiff in error.

*J. H. Kennedy* and *W. S. Anderson & Son*, for plaintiff in error.

*Arrel, McVey & Taylor*, for defendant in error.